# SUPREME COURT OF ARKANSAS
No. CR–16–63

| | |
|---|---|
| KENNETH RAY MARSHALL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: April 13, 2017<br><br>APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-14-2]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br>SUPPLEMENTAL RECORD ORDERED; SUBSTITUTED BRIEFING ORDERED. |

## PER CURIAM

A jury found appellant, Kenneth Ray Marshall, guilty of aggravated residential burglary and commercial burglary, and he was sentenced as a habitual offender to life imprisonment for the former and thirty years' imprisonment for the latter, with the sentences to run consecutively. Because Marshall received a sentence of life imprisonment, this court "must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. § 16-91-113(a)." Ark. Sup.Ct. R. 4–3(i) (2016). Arkansas Supreme Court Rule 4–3(i) further provides as follows:

> To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

In reviewing the record, the abstract, and the addendum, we have discovered that both the docket sheet and the circuit court's statements at trial indicate that the circuit court held a hearing on January 14, 2015, regarding a motion for speedy trial and a motion for a change of venue. According to the docket sheet and the circuit court's statements, both motions were denied. Though Marshall designated the entire trial record as the record on appeal, the record does not contain a transcript of that hearing. Thus, the record on appeal is incomplete. Without a complete record, this court cannot conduct a meaningful review of the denial of these two motions, as Rule 4–3(i) requires. *Romes v. State*, 355 Ark. 497, 139 S.W.3d 519 (2003) (per curiam) (holding that the court could not conduct a meaningful review of an adverse ruling without a complete record).

Accordingly, we order that a supplemental certified transcript of the hearing be filed with the clerk of this court within thirty days from the date of this per curiam. Once the transcript has been filed, we direct the parties to file with this court substituted briefs that satisfy their respective obligations under Rule 4–3(i), with the clerk of this court to set a briefing schedule.

Also, despite both Marshall's obligation under Rule 4–3(i) to abstract or include in the addendum all rulings adverse to him and the Attorney General's certification that Marshall had done so, we note that there are adverse rulings in the current record that were not abstracted. Accordingly, we further order the parties to reexamine the entire record and complete their respective duties under Rule 4–3(i).

Supplemental record ordered; substituted briefing ordered.